IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV174-1-MU
3:02CR94

FELIPE R. HERRERA-BARCENAS,

          Petitioner,

Vs.

UNITED STATES OF AMERICA,

          Respondent.

**ORDER**

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment (Doc. No. 6), filed May 22, 2006, and Petitioner's Motion Pursuant to Rule 15(c)(1) and (2) (Doc. No. 12), filed November 13, 2006.

For the reasons set forth below, and in Respondent's Motion for Summary Judgment, this Court grants Respondent's Motion for Summary Judgment and dismisses Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. In addition, Petitioner's Motion Pursuant to Rule 15(c)(1) and (2) is granted.

## **PROCEDURAL HISTORY**

On April 2, 2002, a federal grand jury in the Western District of North Carolina charged Petitioner and twenty other individuals with violations of 21 U.S.C. §§ 841, 846, 853, 960, 963 and 18 U.S.C. §§ 924(c), 1956(h) and 2. Specifically, Petitioner was charged with conspiracy to possess with intent to distribute and the distribution of 50 grams or more of cocaine base, five kilograms or more of cocaine, and 1000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846; conspiracy to import from

Mexico to the United States 1000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 952(a), 960, and 963; and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). On March 28, 2003, the parties filed a plea agreement with this Court. On April 8, 2003, Petitioner entered a guilty plea at his Rule 11 hearing. On August 19, 2003, this Court sentenced Petitioner to 60 months imprisonment on Count One and a consecutive term of 60 months imprisonment on Count Two.

Petitioner directly appealed his sentence and conviction to the United States Court of Appeals for the Fourth Circuit. Petitioner's counsel filed an Anders[1] brief. Petitioner filed a pro se supplemental brief alleging three claims of ineffective assistance of counsel. More specifically, Petitioner alleged that his counsel was ineffective during is criminal case; his counsel failed to pursue a defense to his § 924(c) charge; and his counsel failed to request a downward departure based upon Petitioner's minor role in the conspiracy. On July 19, 2005, the Fourth Circuit affirmed Petitioner's sentence and conviction. As part of its decision, the Fourth Circuit held that "there [was] no evidence in the record supporting Herrara-Barcena's claims [of ineffective assistance of counsel]," but stated that if Herrara-Barcenas possessed other evidence concerning this issue, he was "free to assert his claims in a 28 U.S.C. § 2255 (2000) motion." Petitioner filed a petition for writ of certiorari on October 28, 2005, which was denied on November 28, 2005.

On April 11, 2006, Petitioner timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence alleging that he had received ineffective assistance of counsel. On

---

[1] Anders v. California, 386 U.S. 738 (1967).

November 13, 2006, Petitioner filed a Motion to Amend his Motion to Vacate.[2]

## ANALYSIS

### A. PETITIONER'S CLAIMS ARE PROCEDURALLY BARRED

It is well-settled that issues previously decided upon appeal from conviction cannot be recast in the form of a § 2255 motion. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976)("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255."). Therefore, Petitioner is not entitled to relitigate issues in his § 2255 motion that were decided adversely to him on direct appeal.

Petitioner's allegations of ineffective assistance of counsel in his Motion to Vacate are verbatim to the claims he raised in his pro se supplemental appellate brief. In ruling on his claims, the Fourth Circuit stated that "there is no evidence in the record supporting Herrara-Barcena's claims. Nonetheless, if Herrara-Barcena possesses other evidence on these issues, he is free to assert his claims in a 28 U.S.C. 2255 (2000) motion." Petitioner has offered no additional evidence with regard to his ineffective assistance of counsel claims. Consequently, the Fourth Circuit's July 19, 2005, decision bars subsequent review of these claims.

Moreover, even if Petitioner's claims were not procedurally barred they are meritless for the reasons set forth below.

---

[2] As Petitioner's Motion to Amend seeks to amend claims already raised, this Court will grant the Motion. Fed. R. Civ. P. 15 (Amendments should be freely granted).

**B. PETITIONER'S CLAIMS ARE MERITLESS**

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.1992), cert. denied, 506 U.S. 885 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988).

### 1. Inadequate Representation

Petitioner alleges that his counsel was ineffective for failing to adequately inform him of alternative defenses. Petitioner also alleges that a video which purported to show him involved in a drug transaction was never viewed by Petitioner or his counsel. Petitioner also alleges that his counsel failed to object to the Government's inadequate form of proffer at the Rule 11 and sentencing hearings because no live testimony was offered nor were any witness affidavits presented.

It is a petitioner's burden to establish his collateral claims. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)( a petitioner bears the burden of establishing his claim by a preponderance of the evidence). Conclusory, unsupported claims do not satisfy a petitioner's burden. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.") Petitioner has not carried his burden with regard to the above referenced claims. For example, Petitioner does not allege what defenses should have been discussed that were not discussed. He provides no specifics with regard to this claim. Also, Petitioner broadly asserts that his counsel was ineffective for allegedly failing to review a surveillance video tape. Petitioner does not elaborate, however, how a viewing of this tape would have changed anything. Petitioner also asserts that his counsel failed to object to the Government's inadequate proffer at his Rule 11 hearing. First, such an objection would not have been sustained. Second, such assertion again fails to elaborate what impact unspecified testimony or affidavits would have had on his

5

criminal proceedings. Petitioner has failed to carry his burden with regard to these ineffective assistance of counsel claims and they are dismissed.

## 2. Failure to Pursue a Defense on the § 924(c) Charge

Petitioner alleges that his counsel was ineffective for failing to challenge his § 924(c) charge.[3] Petitioner asserts that he repeatedly requested that his counsel challenge the use and carry aspect of his § 924(c) charge. Petitioner contends that his counsel never interviewed witnesses or investigated the U.S. Customs and Police report. Petitioner asserts that the mere storage of a firearm for later use is insufficient to constitute use for § 924(c) purposes. Petitioner asserts that he should have been charged with possession of a firearm pursuant to § 922(a) which carries only a two year penalty.

Petitioner was charged and convicted of possession of a firearm during and in relation to a drug crime in violation of § 924(c). He was charged but not convicted of using a firearm.

The pre-sentence report established that Petitioner's housemate, and co-conspirator, had a loaded .357 magnum firearm under his mattress and powdered cocaine in his pants pocket in that same room. Petitioner's room was adjacent to this room and drugs were found in Petitioner's room. In addition, a significant amount of drugs was found in the attic. Such facts are sufficient to establish that guns were possessed in furtherance of the drug conspiracy. See Lomax, 293 F.3d at 705 (setting forth various ways a defendant engaged in drug trafficking may use his possession of a

---

[3] In reaching a decision on this claim, the Court has taken into consideration the arguments set forth by Petitioner in his Motion to Amend.

firearm to advance his drug trafficking); see also United States v. Milbourne, 129 F. App'x 861, 868-69 (4th Cir. 2005)(reasonable juror could find § 924(c) violation where gun was discovered during execution of search warrant was located between mattress and box spring across from closet containing drugs); cf Pinkerton v. United States, 328 U.S. 640, 646-47 (1946)(parameters of co-conspirator liability); United States v. Cummings, 937 F.2d 941, 943-45 (4th Cir. 1991)(applying Pinkerton to § 924(c) offense). Consequently, the factual basis to which Petitioner stipulated supported a possession conviction under § 924(c). As such, Petitioner's counsel had no basis for objecting. Petitioner has not established deficient representation by his counsel or that he was prejudiced. He has therefore failed to state a claim of ineffective assistance of counsel.

### D. Failure to Argue for Downward Departure Based on Minor Role

Petitioner alleges that his counsel was ineffective for failing to request a downward departure based upon Petitioner's minor role in the conspiracy. Petitioner cites to the description of himself as a "low-level courier" in support of this argument. Petitioner also points to the fact that he is the last individual listed in the indictment and that he had only recently moved to the residence where he was arrested.

Pursuant to § 3B1.2 of the United States Sentencing Guidelines, if a defendant is a minor participant in the criminal activity his offense level should be decreased by two. A minor participant is defined by the application notes as " a defendant . . . who is less culpable than most participants." U.S.S.G. § 3B1.2 , app. note 5. In the instant case the evidence established that Petitioner was discovered at a stash house with
7

13.6 kilograms of marijuana and 268 grams of cocaine. In addition, a surveillance tape recorded Petitioner participating in a drug transaction involving one kilogram of cocaine. Moreover, as part of his plea agreement, Petitioner admitted that the amount of cocaine attributable to him was at least 500 grams but less than 2 kilograms and that the amount of marijuana attributable to him was at least 20 kilograms but less than 40 kilograms. These facts do not support a finding that Petitioner was a minor participant in the conspiracy at issue. Consequently, this Court does not find that Petitioner's counsel was ineffective for failing to argue for this reduction.

Moreover, even if Petitioner's counsel were ineffective for failing to move for a downward departure based upon his alleged minor participant status, Petitioner was not prejudiced. First, based upon the evidence recited above, had Petitioner's counsel moved for a downward departure for his alleged minor role, this Court would not have granted such motion. Second, the statutory minimum for Petitioner's § 841 violation was five years. Even without a minor participant downward departure, Petitioner's guideline sentence range was 46 to 57 months. Consequently, Petitioner was not prejudiced by his counsel's failure to move for a downward departure based upon his alleged minor role.

**THEREFORE, IT IS HEREBY ORDERED** that:

1) Petitioner's Motion Pursuant to Rule 15(c)(1) and (2) is **GRANTED**;

2) Respondent's Motion for Summary Judgment is **GRANTED;** and

3) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**.

Signed: June 22, 2009

Graham C. Mullen
United States District Judge